741 P.2d 349

**STATE of Idaho, Plaintiff-Respondent,**

v.

**Todd Q. LIGGINS, Defendant-Appellant.**

**No. 16660.**

Court of Appeals of Idaho.

July 14, 1987.

R. Ted Israel, Pocatello, for defendant-appellant.

Jim Jones, Atty. Gen., Myrna A.I. Stahman, Deputy Atty. Gen., for plaintiff-respondent.

SWANSTROM, Judge.

The district court denied a motion by Todd Liggins under I.C.R. 35 to reduce three sentences imposed upon him. Lig-

gins appeals, contending that the district court abused its discretion in refusing to reduce the periods of incarceration. The state asks us to hold that the district court did not have jurisdiction to entertain a Rule 35 motion to reduce the first two sentences, following violation and revocation of probation, because of the lapse of time. Also, the state contends that the court did not abuse its discretion in refusing to modify the third sentence. For reasons which follow, we affirm the order denying the motion.

The facts may be simply stated. In 1982, Todd Liggins was charged with two counts of second degree burglary. On May 5, 1982, following dismissal of one count and entry of a guilty plea to the other, the court sentenced Liggins to an indeterminate five-year term. Later, while jurisdiction was retained for 180 days, the court placed Liggins on probation. Approximately ten months into his probationary period, Liggins was charged with another count of second degree burglary. He pled guilty to this burglary and also admitted to having violated his probation. He was sentenced on September 28, 1983, to an indeterminate five-year term to run concurrently with the previous five-year term. The court suspended this second sentence, extended the probationary term of the first sentence and allowed both terms to be served on probation. Finally, almost two and one-half years later, Liggins was charged with grand theft by possession of stolen property. Again he pled guilty. As a result of this violation, however, on April 19, 1986, the court ordered execution of the two indeterminate five-year concurrent terms and added a consecutive seven-year term for the grand theft.

On July 15, 1986, Liggins filed a Rule 35 motion for reconsideration of all three sentences. Following a hearing on September 2, the district judge denied the motion. Liggins appealed from this order, contending it was an abuse of discretion.

Before reaching Liggins' contention, we must answer a threshold jurisdictional question. Specifically, we must determine whether the time statutorily allowed for filing a Rule 35 motion may commence from the time probation is revoked and the original, suspended sentence is reinstated.

Rule 35, I.C.R., is a jurisdictional limit on the sentencing court's power. The rule provides that:

> The court may reduce the sentence within 120 days after the sentence is imposed.... The court may also reduce a sentence upon revocation of probation as provided by law.

Absent a timely filing, the court lacks jurisdiction to entertain the motion. *State v. Parrish*, 110 Idaho 599, 716 P.2d 1371 (Ct. App.1986). The state advocates a narrow interpretation of the word "imposed," emphasizing the difference between imposition and execution of a sentence. Liggins argues, with some justification, that differentiation is irrational; that it unjustly grants the benefits of Rule 35 to defendants who received their probation upon the conditional entry of a withheld judgment but not to those whose probation follows a suspended sentence or a period of retained jurisdiction. He asserts that reinstatement of a sentence in either of the latter two situations is the functional equivalent of imposition of a sentence, triggering the statutory time limit for a Rule 35 filing.

Liggins' contentions are thought sound and are well-received in many jurisdictions. *E.g., United States v. Colvin*, 644 F.2d 703 (8th Cir.1981); *United States v. Johnson*, 634 F.2d 94 (3rd Cir.1980). However, the state's position prevails in Idaho. The Idaho Supreme Court has held that a sentence is deemed to be "imposed" from its original pronouncement. *E.g., State v. White*, 107 Idaho 941, 694 P.2d 890 (1985). Consistent with this position, we issued *State v. Salsgiver*, 112 Idaho 933, 736 P.2d 1387 (Ct. App.1987), and *State v. Omey*, 112 Idaho 930, 736 P.2d 1384 (Ct.App.1987). *Salsgiver* and *Omey* review in detail the Supreme Court's interpretation of the "imposition" of a sentence, acknowledging the constraints placed upon us by reason of the Supreme Court's restrictive interpretation. There is now a clear delineation of the relationship between Rule 35 and the concepts of retained jurisdiction and probation.

We ruled that the 120–day period for filing for Rule 35 relief begins running from the initial pronouncement of the sentence. The time period does not begin anew when jurisdiction—retained under I.C. § 19–2601(4)—is relinquished (*State v. Salsgiver, supra*) or when a sentence—suspended under § 19–2601(2)—is reinstated following violation of probation (*State v. Omey, supra*). These opinions control here. Hence, the statutory time limits for challenging the two earlier burglary sentences had expired well before July 1986, when Liggins filed his motion.

■ We turn now to Liggins' main contention concerning the district court's denial of leniency on the consecutive, indeterminate seven-year sentence for grand theft. Liggins' Rule 35 motion was timely filed from imposition of this sentence, while the court still had jurisdiction to consider the motion.

Liggins concedes the legality of the grand theft sentence and asks that the sentence be made to run concurrently, rather than consecutively, to the five-year burglary terms. A Rule 35 motion allows appropriate leniency to be accorded if, at the time the motion was filed, the original sentence appears for any reason to be unduly severe. *State v. Torres*, 107 Idaho 895, 693 P.2d 1097 (Ct.App.1984). The question becomes whether the district court abused its discretion in denying leniency from the seven-year sentence.

The district court analyzes a Rule 35 motion using the information that was available to the court at the imposition of the sentence plus any additional information provided in support of the motion. Our review of the district court's ruling utilizes the same criteria applicable to alleged excessiveness of the original sentence—the sentencing goals of societal protection, retribution, rehabilitation, and deterrence. *State v. Toohill*, 103 Idaho 565, 650 P.2d 707 (Ct.App.1982). We examine these criteria as they relate to the reasonableness of the sentence, looking first to the nature of the crime, then to the character of the offender. For limited purposes of appellate review of indeterminate sentences, we deem one-third of the total sentence to be the period of incarceration, absent contrary indications. Thus, the assumed period of incarceration for the grand theft charge is one-third of seven years, or two years and four months. This is in addition to the assumed confinement on the concurrent burglary sentences, a period of one year and eight months. Hence, Liggins may serve at least four years in confinement before being paroled on the grand theft sentence.

As noted, Liggins committed the crime of grand theft while on probation for two earlier burglaries. The police were told that Liggins had pawned possibly stolen items at several Pocatello pawnshops. Upon investigating, the police found that the items came from a burglary of a residence in Chubbuck, Idaho. No one was ever physically harmed by Liggins' activities, and the victims, who were friends of Liggins, recovered most of the stolen items.

Liggins comes from a background sadly familiar today. His family, while relatively large, was not very close. He and his four siblings were raised by their mother who worked two jobs to make ends meet. His contact with his father ended at age two when his parents divorced. He attended school through the tenth grade, but left with elementary-level academic skills. Substance abuse began at an early age and is cited as the impetus behind his crimes.

The presentence report indicates that Liggins first encountered the justice system at age seven. He was twenty-two when he committed the most recent crime of grand theft. Every year since the age of thirteen, Liggins has had a number of confrontations with the police and the courts. His juvenile record includes a long list of traffic offenses, four felony level offenses and three misdemeanors. As an adult, Liggins committed the three felonies detailed herein and numerous traffic offenses. While he was never convicted of a violent crime, he has established a consistent pattern of nonviolent crimes. The record alludes to Liggins' knack for, and keen interest in, training horses. This in-

terest, however, has not kept him out of trouble, as he continued to associate with troublemakers while on probation. He has shouldered little responsibility as an adult and displays an inability to respect the law and the rights of others despite favorable and lenient treatment from the courts for past criminal involvement.

In support of his Rule 35 motion, Liggins offered proof of his adaptive behavior while incarcerated. The report from the Board of Correction indicated that Liggins had spent his incarceration in a positive manner. He adequately completed the assignments given him and was not a serious disciplinary problem. He participated satisfactorily in substance abuse programs and spare time activities and made a positive effort to be cooperative in prison. However, this evidence failed to persuade the district judge that Liggins was ready for sentencing leniency. At the hearing on Liggins' motion, the judge considered the failure of the Board of Correction to recommend a reduction in sentencing and the court's generous but failed efforts to keep Liggins from incarceration.

Probation, in this case proved to be unsuccessful in achieving the sentencing goals. Based on Liggins' performance in prison, incarceration appears to be succeeding, but Liggins' positive performance does not necessarily mean that the goals behind the sentence have been accomplished. The reviewing judge was entitled to believe that Liggins still posed a serious rehabilitation quandry. Liggins' extensive record of felonies and misdemeanors, brief incarcerations, probationary conduct and fines supports this belief. We cannot say that under these circumstances the court abused its discretion in refusing to grant leniency from the additional confinement of approximately two years and four months presumed to flow from the seven-year sentence for grand theft.

Liggins contends that the district judge based his denial of the Rule 35 motion solely on his belief that "the Board of Correction ... is in a better posture than [the court] to judge [Liggins'] sentence or release him on parole." Liggins argues that this amounts to an abandonment of the court's power to grant leniency under Rule 35. We cannot agree. The judge clearly set forth other valid reasons for denial of the Rule 35 motion, effectively eliminating any confusion caused by the quoted language. We cannot say that the judge abandoned his authority by recognizing the posture of the Board of Correction. *E.g., State v. Goldman*, 109 Idaho 1031, 712 P.2d 732 (Ct.App.1985).

Liggins' argument that his sentences are excessive stems, in part, from his understanding from fellow inmates that he must "top out" or serve a full five years before he may begin to serve the consecutive sentence. We note that while the district court is empowered to impose consecutive sentences, *State v. Lloyd*, 104 Idaho 397, 659 P.2d 151 (Ct.App.1983), nothing in the record indicates that Liggins must necessarily serve the entire five-year term before commencing his seven-year sentence. The law does not require that he serve any minimum part of the indeterminate sentences for these crimes. The Commission of Pardons and Parole may, at any time, discharge the remainder of the first two, concurrent, sentences.

We conclude that there was no abuse of discretion in the district court's denial of Liggins' Rule 35 motion. Accordingly, the order denying the motion is affirmed.

WALTERS, C.J., and BURNETT, J., concur.