815 P.2d 41

**STATE of Idaho, Plaintiff–Respondent,**

v.

**Albert Harold MUNHALL, Defendant–Appellant.**

**No. 19016.**

Court of Appeals of Idaho.

July 12, 1991.

Petition for Review Denied Sept. 5, 1991.

Frederick G. Loats, Coeur d'Alene, for defendant-appellant.

Larry J. EchoHawk, Atty. Gen., Myrna A.I. Stahman, Deputy Atty. Gen., Boise, for plaintiff-respondent.

PER CURIAM.

This is an appeal from the denial of a I.C.R. 35 motion made by appellant Albert Harold Munhall ("Munhall") for reconsideration of the sentence imposed upon him by the district court. The district court denied the motion, concluding that it lacked jurisdiction to consider the motion because the motion was made more than 120 days after the sentence was imposed. We affirm.

The facts pertinent to this appeal are limited to procedural history. On April 11, 1988, the district court entered an order captioned "Judgment and Sentence," which sentenced Munhall to the custody of the Board of Correction for an indeterminate six-year term. On May 10, 1988, the district court entered an "Order Admitting Defendant to Bail, Pending Appeal, Staying Execution," which was filed on May 11, 1988. This Order was entered pursuant to I.C.R. 46; it stayed the execution of the judgment and sentence and admitted Munhall to bail pending appeal.

The appeal was heard and denied. *See State v. Munhall,* 118 Idaho 602, 798 P.2d 61 (Ct.App.1990). On October 12, 1990, the district court issued an order captioned "Entry of Judgment on Remittitur," ordering into execution the sentence previously pronounced on April 11, 1988. Munhall filed a Rule 35 motion on October 23, 1990, which was denied by the district court by order dated November 20, 1990, on the basis that the court lacked jurisdiction because the motion was filed more than 120 days after the sentence was imposed.

The issue presented on appeal is whether a Rule 35 motion is timely when it is filed within 120 days of the date when a sentence is ordered into execution following a remittitur, but more than 120 days after it was imposed.

Before June 15, 1987, Rule 35 read in pertinent part:

The court may reduce a sentence within 120 days after the sentence is imposed, *or within 120 days after receipt by the court of a remittitur issued upon affirmance of the judgment or dismissal of the appeal, or within 120 days after entry of any order or judgment of the Supreme Court denying review of, or*

*having the effect of upholding a judgment of conviction.* (Emphasis added.)

The italicized language was deleted by amendment of June 15, 1987. The amended and current pertinent language, in effect when Munhall made his Rule 35 motion in October, 1990, reads as follows:

> The court may reduce a sentence within 120 days after the sentence is imposed or within 120 days after the court releases retained jurisdiction.[1]

Munhall argues that the district court erred by construing the pertinent language of Rule 35 to mean that the motion should have been filed no later than 120 days after the entry of the district court's "Judgment and Sentence" on April 11, 1988. Munhall urges an interpretation of Rule 35 which would commence the running of the 120-day period from the date that a sentence stayed pending appeal is ordered into execution, in this case, from October 12, 1990, when the court issued the "Entry of Judgment on Remittitur." If Rule 35 were still in effect in its pre-June 1987 version, we would agree with this argument. The deletion of the above-quoted italicized language, however, deprives Rule 35 of this interpretation. Further, the appellate courts of this state have consistently held that a sentence is deemed to be "imposed" from the date it was originally pronounced. *E.g., State v. White,* 107 Idaho 941, 694 P.2d 890 (1985); *State v. Hoffman,* 114 Idaho 139, 754 P.2d 452 (Ct.App.1988); *State v. Liggins,* 113 Idaho 62, 741 P.2d 349 (Ct.App.1987); *State v. Salsgiver,* 112 Idaho 933, 736 P.2d 1387 (Ct.App.1987). Munhall's motion was, therefore, untimely because it was not filed within 120 days of the date sentence was imposed, April 11, 1988. Because the motion was untimely, the district court was without jurisdiction to grant any relief under Rule 35. *State v. Parrish,* 110 Idaho 599, 716 P.2d 1371 (Ct. App.1986).

For the foregoing reasons, we affirm the district court's order denying Munhall's Rule 35 motion.

1. The district court did not retain jurisdiction over Munhall.