716 P.2d 1371

STATE of Idaho, Plaintiff-Respondent,

v.

Erwin Leonard PARRISH, Defendant-Appellant.

No. 15927.

Court of Appeals of Idaho.

March 31, 1986.

John K. Gatchel, Payette, for defendant-appellant.

Jim Jones, Atty. Gen., Lynn E. Thomas, Sol. Gen., Myrna A.I. Stahman, Deputy Atty. Gen., Boise, for plaintiff-respondent.

PER CURIAM.

Erwin Leonard Parrish was sentenced to custody of the State Board of Correction for a fixed term of ten years after pleading guilty to lewd and lascivious conduct with a minor. He appeals from an order of the district court denying his motion to reduce the sentence pursuant to I.C.R. 35. The state now contends that the district court lacked jurisdiction to grant any relief on the motion. We agree, and for that reason we affirm the order denying relief.

Sentence was imposed on June 19, 1984. Parrish, aided by an inmate lay assistant, prepared a Rule 35 motion dated September 30. It was filed with the district court clerk in Payette County on October 19. The record is devoid of any explanation for the apparent nineteen-day gap between the preparation and filing of the motion. The district judge—without specifically addressing the timeliness or merits of the motion, but after reviewing "the matters set forth"—simply denied the motion without a hearing. The state's position on appeal is that the district court was without jurisdiction to grant any relief because the motion was filed 122 days after judgment. The state also contends that even if the court had jurisdiction, the court would not have abused its discretion by denying the motion on its merits.

Rule 35 allows the court 120 days to modify a legal sentence. In *State v. Torres,* 107 Idaho 895, 693 P.2d 1097 (Ct. App.1984) we held that a court can act on a timely filed Rule 35 motion for a reasonable period beyond the 120 day limit. Timeliness is determined by reference to the rules of civil procedure. I.C.R. 49(c). In *Torres* the petitioner had sent a letter to the judge prior to the expiration of the 120 day period, seeking reconsideration of his sentence. Later, after the 120 day period had elapsed, counsel appointed to represent Torres filed an "amended" motion to reduce Torres' sentence. We held that Torres' letter was to be treated as a Rule 35 motion, and that it was timely. In contrast, the record in this case discloses only that Parrish's motion was filed two days late.

The state asserts that although the 120-day period does not preclude a later decision on a timely filed Rule 35 motion, it remains a jurisdictional limit on the filing itself. We agree. Our Rule 35 is patterned after Federal Rule of Criminal Procedure 35. Federal courts treat the 120-day limit as jurisdictional. *United States v. Addonizio,* 442 U.S. 178, 99 S.Ct. 2235, 60 L.Ed.2d 805 (1979) (dictum); *United States v. Kajevic,* 711 F.2d 767 (7th Cir. 1983); *United States v. Smith,* 650 F.2d 206 (9th Cir.1981); *United States v. Cotton,* 586 F.Supp. 199 (E.D.Wisc.1983); C. WRIGHT, FEDERAL PRACTICE AND PROCEDURE: CRIMINAL 2d § 587 (1982). We hold that unless a motion to

reduce a legal sentence is filed within 120 days, a district court lacks jurisdiction to grant any relief.

Exceptions to this rule have been recognized by other courts. In *Fallen v. United States*, 378 U.S. 139, 84 S.Ct. 1689, 12 L.Ed.2d 760 (1964) petitioner was allowed an extended period to appeal his conviction when his appeal was filed late in spite of his doing everything he could under the circumstances. The court relied on FED.R. CRIM.P. 2 to reach its decision.[1] *Dodge v. Bennett*, 335 F.2d 657 (1st Cir.1964), extended the reasoning of *Fallen* to a Rule 35 motion. The court in *Government of Virgin Islands v. Gereau*, 603 F.2d 438 (3rd Cir.1979), held that where a defendant or his counsel is affirmatively misled by some government authority as to the filing deadline for a Rule 35 motion, a late filing will not deprive the court of jurisdiction. However, even if we assume—without deciding—that such exceptions would apply in Idaho, the record in the instant case discloses no special circumstances or any misleading conduct by the government.

■ Although the issue of jurisdiction was not raised below, the state's brief properly raised it on appeal. Parrish made no attempt to augment the record to explain or excuse the lateness. His counsel, an attorney appointed after the motion was filed, could not provide any reason to explain his client's delay in filing. The cases employing an exception to the jurisdiction rule have found compelling reasons to do so. We find no such reasons on the record before us and accordingly we are constrained to hold that Parrish was entitled to no relief on his motion. Our ruling is based solely on the district court's lack of jurisdiction. Although the district court should have "dismissed" the motion rather than "denying" it, the effect is the same. Accordingly, the district court's order is affirmed.

---

1. The text of both federal Rule 2 and I.C.R. 2(a) is: "These rules are intended to provide for the just determination of every criminal proceeding. They shall be construed to secure simplicity in procedure, fairness in administration and elimination of unjustifiable expense and delay."