754 P.2d 452

STATE of Idaho, Plaintiff–Respondent,

v.

Dale P. HOFFMAN,
Defendant–Appellant.

No. 17066.

Court of Appeals of Idaho.

April 28, 1988.

---

Alan E. Trimming, Public Defender, Lansing L. Haynes, Deputy Public Defender, Boise, for defendant-appellant.

Jim Jones, Atty. Gen., David R. Minert, Deputy Atty. Gen., Boise, for plaintiff-respondent.

PER CURIAM.

Dale Hoffman absconded from the Ada County jail where he was being held for sentencing on a robbery conviction. Following his apprehension, he pled guilty to escape by one charged with a felony. He received a sentence of five years, indeterminate, to be served consecutively to the sentence imposed for the robbery. I.C. §§ 18–9505; 18–112. He subsequently filed a motion, under I.C.R. 35, for reconsideration of the five-year sentence for the escape. He requested that the sentence be suspended. Hoffman's motion was denied without a hearing. On appeal, Hoffman states the following, single issue: "whether the district court abused its discretion in denying defendant's motion for reconsideration of sentence without affording defendant a hearing on that motion."

We affirm the order of the district court denying Hoffman's motion for the following reasons. The judgment of conviction for the escape offense was filed on December 23, 1986. Hoffman's Rule 35 motion was filed on April 29, 1987, 127 days later. Rule 35 allows a period of 120 days to file a motion to reduce a sentence after the sentence is imposed. Since Hoffman's motion was not filed within the allowed timeframe, the district court was without jurisdiction to grant any relief under Rule 35. *State v. Parrish*, 110 Idaho 599, 716 P.2d 1371 (Ct.App.1986).

We do note that Hoffman also filed, simultaneously with his Rule 35 motion, a motion for extension of time to file the Rule 35 motion. Apparently the court never ruled on on the extension motion. However, I.C.R. 45(b)(3) provides that "the court may not extend the time for taking any action under [Rule] 35 ... except to the extent and under the condition stated therein." We do not find in Rule 35 any provision for an exception or condition to the requirement of filing a motion within the 120–day period.

In *Parrish* we observed that a defendant may be excused from timely filing a Rule 35 motion under special circumstances or because of misleading conduct by the government. We do not find in the record of this case any special circumstances or misleading conduct on the part of the state that would justify Hoffman's failure to comply with the filing deadline for a Rule 35 motion.

We affirm the district court's order denying relief to Hoffman on the Rule 35 motion, on the basis the court lacked jurisdiction to grant any relief on the motion.