772 P.2d 1231

**STATE of Idaho, Plaintiff–Respondent,**

v.

**Craig CORDER, Defendant–Appellant.**

No. 17225.

Court of Appeals of Idaho.

April 18, 1989.

Robert M. Taisey, Jr., Weiser, for defendant-appellant.

Jim Jones, Atty. Gen., Michael A. Henderson, Deputy Atty. Gen., Boise, for plaintiff-respondent.

WALTERS, Chief Judge.

Craig Corder appeals from an order of the district court for Payette County revoking his probation on a suspended ten-year

indeterminate sentence for robbery, I.C. § 18–6501, and a consecutive five-year indeterminate sentence for aggravated battery, I.C. § 18–907.[1] When Corder's probation was revoked, the court ordered execution of these sentences. The court also denied Corder's subsequent motion for reduction of his sentences under I.C.R. 35. For the reasons explained below, we affirm the order revoking Corder's probation but we vacate the order denying Corder's Rule 35 motion. We remand this case to the district court for further consideration of Corder's motion for reduction of his sentences.

In June, 1984, Corder was convicted of aggravated battery and of robbery resulting from an incident in which he entered the residence of an elderly woman, beat her and stole her social security check. Corder received suspended sentences and was placed on probation for five years. In August, 1987, the district court found that Corder had violated various provisions of his probation. Instead of ordering execution of Corder's sentences, the district court again placed Corder on probation with modified terms, including a work-release program allowing Corder to be released from the Payette County jail on a daily basis to maintain his employment. Then, in October, 1987, Corder was again found in violation of his probation for possessing marijuana in his cell at the Payette County jail.[2] Based upon this violation, the district court revoked Corder's probation, and ordered execution of the previously suspended sentences. When the court later denied a motion by Corder to reduce his sentences, Corder brought this appeal.

■ Corder first argues that the district court abused its discretion by revoking his probation. Corder contends that, due to his addiction to alcohol and drugs, he was unable to comply with the conditions of his probation. As a result, Corder submits

that—rather than ordering him to the custody of the state Board of Correction—the district court should have further amended the probation agreement so that Corder could attend an alcohol and drug rehabilitation program.

The decision to revoke a defendant's probation on a suspended sentence is within the discretion of the district court. I.C. § 20–222. In a probation revocation proceeding, two threshold questions are posed: (1) did the probationer violate the terms of probation; and, if so, (2) should probation be revoked? *State v. Case,* 112 Idaho 1136, 739 P.2d 435 (Ct.App.1987). Then, if the court determines that probation should be revoked, a third question arises—what prison sentence should be ordered? If a prison sentence previously has been pronounced but suspended, that sentence may be ordered into execution, or, alternatively, the court is authorized under I.C.R. 35 to reduce the sentence upon revocation of the probation. *See State v. Adams,* 115 Idaho 1053, 772 P.2d 260 (Ct.App.1989).

In this case, Corder's probation agreement required that he violate no state, federal or municipal penal law. He admitted possessing marijuana in the Payette County jail—a direct violation of his probation agreement. Hence, no further inquiry into the first threshold question is required. The next question is whether the district court properly exercised its discretion in revoking Corder's probation. Absent an abuse of discretion, on appeal we will not disturb the district court's decision to revoke probation. *State v. Case, supra; State v. Bell,* 103 Idaho 255, 646 P.2d 1026 (Ct.App.1982).

Our review of the record indicates that Corder has repeatedly demonstrated an unwillingness to adhere to the conditions of his probation. This is evidenced by the fact that Corder was found in violation of his probation twice within a one-year peri-

---

**1.** Corder's crimes occurred prior to adoption of the Unified Sentencing Act, I.C. § 19–2513. Accordingly, no minimum period of confinement was ordered by the district court.

**2.** Possession of a controlled substance illegally by a jail inmate is a felony. I.C. § 18–2511. The record does not reflect whether Corder was ever separately prosecuted for this offense.

od. Under the circumstances of this case, Corder's inability to abide by the terms of his probation agreement is a sufficient reason for revoking his probation. In reaching our conclusion, we are unpersuaded by Corder's argument that his alleged addiction to alcohol and drugs made it impossible for him to comply with the conditions of his probation. *Compare State v. Oyler,* 92 Idaho 43, 436 P.2d 709 (1968) (case remanded to district court to determine whether defendant's alcoholism made performance of his probation conditions impossible). Corder's testimony at the revocation hearing did not conclusively establish that he actually suffered from alcohol and drug addiction. At one point in the hearing Corder admitted to alcohol and drug problems, while at another point he stated that he had not used alcohol or drugs for several months prior to the hearing. Furthermore, even if Corder did suffer from alcohol and drug addiction, it was entirely within the sentencing court's discretion to recommend that he receive rehabilitation treatment while serving his sentences in the custody of the Board of Correction. *See, e.g., State v. Case, supra.* We therefore hold that the district court did not abuse its discretion in revoking Corder's probation.

█ We next turn to the decision of the district court to order execution of the previously suspended sentences and to deny Corder's motion to reduce the sentences. Our review of the record indicates the following. At the conclusion of the hearing, Corder's probation was revoked and the judge immediately declared that the previously suspended sentences were "reinstated." At the same time, the judge informed Corder of his right to appeal and his right to post-conviction relief proceedings. The district judge then stated:

[a]nd you do not have at this point an opportunity for a Rule 35 Motion, from my reading of the rule and the case decisions. That may have expired, but you do have a right to have an attorney to represent you on a Motion for Modification of the Sentencing, if the time has not expired.

The apparent import of these remarks was that Corder could not *then* seek a reduction of his prison sentences under Rule 35, but that he *might* be able to seek such a reduction *later.*

Corder filed a Rule 35 motion forty-nine days after the revocation hearing. He requested that the ten-year robbery sentence be reduced to five years and that the battery sentence be served concurrently, rather than consecutively, to the robbery sentence. The district court denied the motion on jurisdictional grounds "because the Motion was not filed upon revocation of probation." In doing so, the district court also suggested that Corder "indirectly" had been given an opportunity to argue for a reduction of his sentences at the revocation hearing when he asked the court for a reinstatement of probation and a modification of the terms and conditions of his probation.

Corder now contends that the district court erred by not extending the period for consideration of his Rule 35 motion for 120 days past the date of his revocation hearing. Corder submits that other jurisdictions have interpreted similar rules to allow for an extension of the consideration period following revocation of probation. *See, e.g.,* Fed.R.Crim.P. 35.[3]

Idaho Criminal Rule 35 authorizes a court to reduce a lawful sentence within 120 days after the sentence is "imposed," within 120 days after the court releases

---

**3.** At the time of Corder's hearing, Federal Rule of Criminal Procedure 35 provided that a motion to reduce sentence could be made "within 120 days after the sentence is imposed or probation is revoked." The wording of the Rule was intended to permit a defendant the opportunity to file a motion within 120 days of revocation of probation. *See* Fed.R.Crim.P. 35 (Notes of Advisory Committee on Rules—1983 Amendment); *United States v. Johnson,* 634 F.2d 94 (3rd Cir. 1980). This Rule was subsequently amended, effective November 1, 1987, in accordance with the guidelines of the United States Sentencing Commission, 28 U.S.C. § 991 *et seq.* (Supp. IV 1982 Edition).

retained jurisdiction, or "upon revocation of probation." These filing limitations are jurisdictional restraints on the power of the sentencing court; unless a Rule 35 motion is filed within the appropriate period, the court lacks authority to grant relief. *See State v. Salsgiver*, 112 Idaho 933, 736 P.2d 1387 (Ct.App.1987). Recently, we have interpreted the meaning of the phrases "imposed" and "upon revocation of probation," as used in Rule 35. *See State v. Omey*, 112 Idaho 930, 736 P.2d 1384 (Ct.App.1987); *State v. Salsgiver, supra; State v. Sutton*, 113 Idaho 832, 748 P.2d 416 (Ct.App.1987). In *Omey*, we noted that strong policy arguments may exist for allowing Rule 35 motions to be filed up to 120 days after probation has been revoked and a previously suspended sentence has been ordered into execution; however, we deemed ourselves constrained by prior Idaho Supreme Court decisions to hold that a sentence is "imposed" when originally pronounced and, therefore, that the 120–day period runs from the original pronouncement of the sentence. In *Sutton*, we specifically addressed the phrase "upon revocation of probation," holding that such language authorized the sentence reduction issue to be raised at the time when probation is revoked, but not to be raised in a motion filed some time *after* probation has been revoked and the prison sentence has been ordered into execution. Accordingly, we concluded that Sutton's Rule 35 motion, filed 111 days after probation had been revoked and the previously suspended sentence had been ordered into execution, was untimely. *Accord State v. Liggins*, 113 Idaho 62, 741 P.2d 349 (Ct.App.1987). Based upon *Sutton*, it would appear facially that the district court properly dismissed Corder's motion for sentence reduction, because the motion was not filed until forty-nine days after Corder's probation had been revoked and the previously suspended sentences were, in the judge's terminology, "reinstated."

However, this does not conclude our scrutiny of Corder's claim. In *State v. Parrish*, 110 Idaho 599, 716 P.2d 1371 (Ct. App.1986), we acknowledged that application of the jurisdictional requirements of Rule 35 may be subject to exception under certain circumstances. We stated:

> Exceptions to this rule have been recognized by other courts. In *Fallen v. United States*, 378 U.S. 139, 84 S.Ct. 1689, 12 L.Ed.2d 760 (1964) petitioner was allowed an extended period to appeal his conviction when his appeal was filed late in spite of his doing everything he could under the circumstances. The court relied on FED.R.CRIM.P. 2 to reach its decision. [Footnote omitted.] *Dodge v. Bennett*, 335 F.2d 657 (1st Cir. 1964), extended the reasoning of *Fallen* to a Rule 35 motion. The court in Government of [the] *Virgin Islands v. Gereau*, 603 F.2d 438 (3rd Cir.1979), held that *where a defendant or his counsel is affirmatively misled by some government authority as to the filing deadline for a Rule 35 motion, a late filing will not deprive the court of jurisdiction.* [Emphasis added.]

*Id.*, at 601, 716 P.2d at 1373; *see also Warren v. United States*, 358 F.2d 527 (D.C.Cir.1965). Because interpretation of the provisions of Rule 35 involves a question of law, we will exercise free review to determine whether we should apply this exception in the present case. See *Standards of Appellate Review in State and Federal Courts*, IDAHO APPELLATE HANDBOOK, § 3.2.1 (Idaho Law Foundation, Inc., 1985).

In *Parrish*, the record disclosed no special circumstances or any misleading conduct by the government explicable of the delay by Parrish in untimely filing his Rule 35 motion. Consequently, we determined that *Parrish* was not an appropriate case to decide whether to apply an exception to the jurisdictional time limits of Rule 35. We reached the same conclusion in a subsequent case, *State v. Hoffman*, 114 Idaho 139, 754 P.2d 452 (Ct.App.1988). In the instant case, however, we conclude that application of such an exception is warranted upon the facts presented. Because

Corder's sentences were imposed in 1984, his last opportunity to bring a Rule 35 motion would have been at the time of his revocation hearing. *See State v. Sutton, supra.* By informing Corder that he did not have an opportunity to file his motion at the revocation hearing, the district court misapplied the jurisdictional limit permitting a defendant to move for a reduction of sentence at the time his probation has been revoked. Nonetheless, the court indicated that Corder could still file a modification motion, if the time was unexpired.

The present case is factually similar to the situation in Government of the Virgin Islands v. Gereau, cited in *Parrish, supra.* In *Gereau,* the Court of Appeals for the Third Circuit determined it would be improper to penalize the defendants for failure to file Rule 35 motions within the 120–day time limit where the trial court already had informed the defendants that it would consider their motions on the merits. A similar situation occurred in *Warren v. United States, supra.* There a misrepresentation by the United States Attorney caused the defendant to file his Rule 35 motion late. The Court of Appeals for the District of Columbia held that the trial court should consider the defendant's Rule 35 motion on its merits where the defendant had relied on the United States Attorney's misinformation regarding the filing deadline. Implicit in *Gereau* and *Warren* is the notion that a defendant should not be penalized for filing his Rule 35 motion late, where the cause for the postponement was the result of misleading conduct on the part of the government.

Here, the district court's comment regarding Corder's opportunity to file a Rule 35 motion at the revocation hearing constitutes the type of action which should trigger an exception to the rigid filing requirements prescribed in I.C.R. 35. We believe that such action is sufficient to extend the jurisdictional time limit of Rule 35 until such time as the district court has an opportunity to consider Corder's Rule 35 motion on its merits. Furthermore, we are unpersuaded that Corder's argument at the revocation hearing implicitly constituted a motion for a reduction of sentence. Our review of the record indicates that, during the revocation hearing, Corder's argument was limited to seeking modification of the terms and conditions of his existing probation, and did not embrace a claim for reduction of his sentences as suggested by the district court in its order denying Corder's Rule 35 motion. At the time Corder's arguments were presented, the court had not yet revoked Corder's probation. We are not convinced that a defendant's hope to remain on probation should be dampened by the need to alternatively request a reduction in his prison sentence before the court has decided whether to revoke the probation. These issues are separate and should be addressed in proper sequence.

We therefore hold that the district court erred in declaring that Corder could not seek reduction of the sentences at the time of his revocation hearing. We conclude that the court's subsequent order denying Corder's motion must be vacated and the case remanded to the district court for consideration on the merits of Corder's Rule 35 motion.

In summary, the order revoking Corder's probation is affirmed. The order denying Corder's Rule 35 motion is vacated, and this case is remanded to the district court for consideration of the motion on its merits.

BURNETT and SWANSTROM, JJ., concur.