803 P.2d 1011

**STATE of Idaho, Plaintiff–Respondent,**

v.

**John HOCKER, Defendant–Appellant.**

**No. 18386.**

Court of Appeals of Idaho.

Jan. 3, 1991.

Edgar R. Frachiseur, Mountain Home, for defendant-appellant.

Jim Jones, Atty. Gen., Myrna A.I. Stahman, Deputy Atty. Gen., Boise, for plaintiff-respondent.

WALTERS, Chief Justice.

This is an appeal by the defendant, John Hocker, from an order of the district court denying Hocker's motion to reconsider the imposition of a five-year unified sentence for delivery of a controlled substance. We affirm.

In September, 1987, Hocker was sentenced to five years, with a two-year minimum period of confinement, for delivery of a controlled substance, methamphetamine. The court retained jurisdiction and, in January, 1988, suspended the balance of the sentence and placed Hocker on probation for five years. In December, 1988, Hocker admitted allegations that he had violated the terms of his probation. Based upon Hocker's admissions, the court entered an order finding Hocker to be in violation of his probation and continued the proceeding for disposition at a later date.

On January 18, 1989, a hearing was conducted by the district court to determine disposition of the probation violation charge. At the conclusion of the hearing, the court orally announced its decision to revoke the probation. A written order revoking the probation and ordering execution of the five-year sentence was filed on February 15, 1989. On February 16, Hock-

er moved for reconsideration of the sentence imposed in September, 1987, and requested that he again be placed on probation. The court considered new reports from the probation department, but eventually, on September 29, 1989, denied Hocker's motion to reconsider the sentence.[1] Hocker timely appealed from the latter order.

On appeal, Hocker contends the district court abused its discretion in denying the motion to reconsider his sentence because the court refused to consider rehabilitation evidence offered on Hocker's behalf. In response, although countering Hocker's argument on its merits, the state also contends that the district court's denial of Hocker's motion can be upheld on the basis that the court was without authority to grant Hocker's motion. After review of this case, we agree with the state's assessment of the district court's lack of authority. For the purpose of this appeal, where the decision of the lower court is correct but entered on a different theory, it will be affirmed on the correct theory. *State v. Werneth,* 101 Idaho 241, 611 P.2d 1026 (1980), *cert. denied,* 449 U.S. 1129, 101 S.Ct. 951, 67 L.Ed.2d 118 (1981).

▆ A motion for reconsideration of a sentence—seeking to modify or to reduce the length or terms of the sentence—is governed by I.C.R. 35. Under this Rule, the motion must be made within 120 days after the sentence is imposed or within 120 days after the court releases retained jurisdiction. It may also be made "upon revocation of probation." These filing limitations are jurisdictional restraints on the power of the sentencing court; unless a Rule 35 motion is filed within the prescribed period, the court lacks authority to grant relief. *State v. Corder,* 115 Idaho 1137, 772 P.2d 1231 (Ct.App.1989); *see also State v. Salsgiver,* 112 Idaho 933, 736 P.2d 1387 (Ct. App.1987); *State v. Parrish,* 110 Idaho 599, 716 P.2d 1371 (Ct.App.1986). When a reduction of a sentence is sought upon

---

1. Hocker also filed, on May 10, 1989, a motion under I.C.R. 35 to modify his sentence. The court's decision not to alter Hocker's sentence evidently determined this motion as well. We note that I.C.R. 35 specifically provides that "no defendant may file more than one motion seeking a reduction of sentence under this Rule."

revocation of probation, the motion must be made at the time probation is revoked. It cannot be filed after revocation and after the prison sentence has been ordered into execution. *State v. Sutton,* 113 Idaho 832, 748 P.2d 416 (Ct.App.1987).

We have recognized that a defendant may be excused from timely filing a Rule 35 motion under special circumstances or because of misleading conduct by the state. *State v. Corder, supra; State v. Parrish, supra; State v. Hoffman,* 114 Idaho 139, 754 P.2d 452 (Ct.App.1988). In the present case, however, we do not find in the record any special circumstances or misleading conduct to excuse Hocker from seeking a reduction of his sentence at the time his probation was revoked—either at the hearing on January 18, 1989, when the court orally announced its decision to revoke probation, or before the entry of its written order on February 15, 1989. The transcript of the revocation proceeding discloses that Hocker did not move for reduction of his sentence at that time, so the issue of reduction was not presented to the court as an alternative disposition to the probation revocation. Nor does the record indicate that the court misled Hocker as to the time limit or procedure for seeking a reduction in his sentence, as occurred in *Corder.*

We conclude that the motion to reduce the sentence, made after the court had revoked Hocker's probation and ordered the sentence into execution, was untimely. Because the motion was untimely, the court lacked authority to grant the motion. Therefore, we affirm the order of the district court denying relief to Hocker on his motion to reconsider the sentence.

SWANSTROM and SILAK, JJ., concur.