807 P.2d 1286

**STATE of Idaho, Plaintiff–Respondent,**

v.

**Larry E. MORRIS,
Defendant–Appellant.**

No. 18749.

Court of Appeals of Idaho.

March 25, 1991.

Gregory A. Jones, Kootenai County Public Defender, Timothy H. Gresback, Deputy Public Defender, of Coeur d'Alene, for appellant.

Larry J. EchoHawk, Atty. Gen., Jack B. Haycock, Deputy Atty. Gen., of Boise, for respondent.

PER CURIAM.

This is an appeal by the defendant, Larry Morris, from an order of the district court denying Morris' motion to reconsider the revocation of probation and "reimposition" of concurrent indeterminate ten-year sentences for grand theft, first degree burglary, and aggravated battery. Morris also appeals from the judgments of conviction on the ground that the sentences are excessive. We affirm.

In March, 1987, Morris entered pleas of guilty to two counts of grand theft, to burglary in the first degree, and to aggravated battery. In June, 1987, the district court sentenced Morris on each offense to an indeterminate term of ten years in the custody of the Board of Correction, each term to run concurrently. The court retained jurisdiction for 120 days, and subsequently admitted Morris to supervised probation for five years.

A notice of probation violation was later filed. On February 1, 1990, the district court held a hearing at which the court

found that Morris had violated the terms of his probation. A sentencing hearing was held immediately thereafter; the court revoked Morris' probation and "reimposed" the indeterminate ten-year concurrent sentences. A written order revoking probation and ordering the sentences into execution was entered on February 2, 1990. On May 3, 1990, Morris, appearing *pro se,* filed a motion for reduction of his sentences under I.C.R. 35. He did not contend that his sentences were illegally imposed. The district court issued a written order denying the motion on its merits on May 7, 1990.

■ Morris contends that the district court improperly denied his Rule 35 motion because it ruled before allowing Morris time to present a report from his counselor. In response, the state contends that the district court's denial of Morris' motion can be upheld on the basis that the court was without authority to grant the motion. We agree with this assessment of the district court's lack of authority. Where a lower court's decision is correct, but entered on a different theory, it will be affirmed on the correct theory. *State v. Hocker,* 119 Idaho 105, 803 P.2d 1011 (Ct.App.1991) *citing State v. Werneth,* 101 Idaho 241, 611 P.2d 1026 (1980), *cert. denied,* 449 U.S. 1129, 101 S.Ct. 951, 67 L.Ed.2d 118 (1981).

■ A motion under I.C.R. 35 for reconsideration of a lawfully imposed sentence must be made within 120 days after the sentence is pronounced or within 120 days after the court releases retained jurisdiction. It may also be made "upon revocation of probation." These filing limitations are jurisdictional, and unless the motion is filed within the specified period, the court may not grant the relief sought. *Hocker,* 803 P.2d at 1012; *State v. Corder,* 115 Idaho 1137, 772 P.2d 1231 (Ct.App.1989); *see also State v. Salsgiver,* 112 Idaho 933, 736 P.2d 1387 (Ct.App.1987); *State v. Parrish,* 110 Idaho 599, 716 P.2d 1371 (Ct.App. 1986). When a reduction of a sentence is sought upon revocation of probation, the motion cannot be filed after revocation and after the prison sentence has been ordered

into execution. *State v. Sutton,* 113 Idaho 832, 748 P.2d 416 (Ct.App.1987).

■ In this case, the probation revocation hearing took place on February 1, 1990. Morris did not move at the hearing for a reduction of his sentences. At the hearing probation was revoked, and the previously imposed sentences were ordered into effect. The day after the hearing, February 2, 1990, the district entered a written "Order Revoking Probation and Imposing Sentence and Notice of Right to Appeal." The Rule 35 motion was not filed until May 3, 1990, well after the jurisdictional time limit. Our review of the record discloses no special circumstances which would excuse an untimely Rule 35 filing. *See, e.g., State v. Corder, supra; State v. Hoffman,* 114 Idaho 139, 754 P.2d 452 (Ct. App.1988); *State v. Parrish, supra.*

We conclude that Morris' Rule 35 motion was untimely because it was made approximately ninety days after the court had revoked probation and ordered the sentences into execution. The court therefore lacked authority to grant the motion, and we affirm the district court's order denying relief to Morris on his motion to reconsider the sentence.

■ On appeal to this Court, Morris also raises the issue of the excessiveness of the sentences which were imposed on June 18, 1987. Morris was not to commence serving these sentences until after serving sentences imposed in another case and was not placed on probation on these sentences until September 26, 1989. Idaho Appellate Rule 14(a) provides that the 42 days within which to appeal begins to run when the defendant is placed on probation. The notice of appeal in this case was filed on June 6, 1990, well beyond forty-two days after September 26, 1989. Consequently, we cannot review the propriety of the judgments of conviction, and the sentences imposed, due to lack of jurisdiction as the result of an untimely appeal. *See, e.g., State v. Wargi,* 119 Idaho 292, 805 P.2d 498 (Ct.App.1991).

The judgments of the district court and the sentences imposed are affirmed.