825 P.2d 91

**STATE of Idaho, Plaintiff–Respondent,**

v.

**Ross Lee BARNEY, Defendant–Appellant.**

**No. 18929.**

Court of Appeals of Idaho.

Oct. 2, 1991.

Rehearing Denied Dec. 9, 1991.

Petition for Review Denied March 3, 1992.

---

Larry J. EchoHawk, Atty. Gen., Myrna A.I. Stahman, Deputy Atty. Gen., for plaintiff-respondent.

SWANSTROM, Justice.

Ross Lee Barney appeals from an order revoking his probation and from an order granting him only partial relief under his I.C.R. 35 motion. Because the notice of appeal as to the probation revocation order was untimely, we affirm the district court's order revoking probation. We also affirm the order entered on the Rule 35 motion.

Barney pled guilty to a third offense of driving while under the influence (DUI), a felony. In a separate Bannock County case, he pled guilty to a repeat offense of driving without privileges (DWP), a felony. On March 10, 1989, the district court sentenced Barney to a four-year term, with a minimum two-year period of incarceration, for the DUI, and to a two-year term, with a one-year minimum period of incarceration, for the DWP, the sentences to run concurrently. The court retained jurisdiction for 120 days, after which it placed Barney on a five-year probation.

A probation violation report was lodged against Barney when he was involved in an auto accident caused by his drinking and driving. On June 14, 1990, after a hearing on the violation, the district judge revoked probation, requiring Barney to serve the sentences originally imposed. On August 9, 1990, Barney filed a Rule 35 motion asking for leniency and for a reduction of his sentences. The district judge modified the four-year DUI sentence, reducing the two-year fixed portion to eighteen months; the sentence for DWP was left intact. The order of August 29, 1990, therefore, granted in part and denied in part the relief sought in the Rule 35 motion. Barney filed this appeal.

The three issues raised by Barney center on the revocation of probation. Barney contends that the district judge abused his discretion in deciding to revoke the probation rather than renewing attempts at rehabilitation through probation or work release. In responding, the state argues that none of these issues are reviewable in this

John Souza of Whittier, McDougall, Souza, Murray & Clark, Pocatello, for defendant-appellant.

appeal, because, as to the revocation orders, the appeal was untimely filed. The state also contends that the reduction of the DUI sentence ordered by the district court, in response to the Rule 35 motion, must be vacated due to a lack of jurisdiction of the district court.

■ For the issues raised by Barney to be properly before this Court, the appeal from the order revoking probation had to be filed no later than forty-two days from June 14, 1990. *See* I.A.R. 14. Barney's notice of appeal filed September 21, 1990, precludes review of any alleged error in the revocation order.

■ The state concedes that the notice of appeal was timely filed in regard to the order entered on the Rule 35 motion. However, the state argues that the district court had no jurisdiction to grant any relief on the Rule 35 motion because the motion itself was not timely.

The time limitations governing the filing of motions for reconsideration of sentence are jurisdictional. *State v. Hocker,* 119 Idaho 105, 106, 803 P.2d 1011, 1012 (Ct. App.1991); *State v. Parrish,* 110 Idaho 599, 716 P.2d 1371 (Ct.App.1986). Accordingly, we will review whether the district court had authority to grant the requested Rule 35 relief. *See State v. Corder,* 115 Idaho 1137, 772 P.2d 1231 (Ct.App.1989); *State v. Salsgiver,* 112 Idaho 933, 736 P.2d 1387 (Ct.App.1987).

Idaho Criminal Rule 35 prescribes that "[t]he court may also reduce a sentence upon revocation of probation as provided by law." The Rule 35 motion cannot be filed after revocation and after the prison sentence has been ordered into execution. *State v. Hocker, supra; State v. Corder, supra.* However, as we held in *Corder,* there can be exceptions to this strict time limit where the defendant is misinformed by the court that he may file a Rule 35 motion for reduction of the sentence *after* revocation of probation. We believe that the *Corder* exception applies here. After revoking Barney's probation, the district court told him:

Mr. Barney, I would advise you that you have 42 days to file an appeal from the

Court's decision. You also have the right to file post-conviction relief proceedings ... as prescribed by statute. Mr. Souza can advise you of that. You may also file proceedings under Rule 35 of the Idaho Criminal Rules challenging either the legality of the sentence or requesting leniency, further leniency, in the Court's sentencing.

This statement was correct so far as filing a Rule 35 motion for the purpose of "challenging ... the legality of the sentence." The rule permits the motion to be filed for this purpose "at any time." But the statement was incorrect so far as a request for leniency; the Rule does not allow such a request to be made *after* revocation of probation. Consistently with *Corder,* however, we conclude that because Barney was misinformed about his right to later file a Rule 35 motion for reduction of his sentence, his motion must be deemed to have been timely filed.

■ Although Barney has made no discrete arguments of error relating to the denial of his Rule 35 motion, it is implicit that he is contending the district court abused its discretion a second time by granting Barney only partial relief; that is, only reducing the fixed portion of one sentence, rather than restoring probation or commuting the sentence to jail time with work-out privileges.

A Rule 35 motion, which is essentially a plea for leniency, is addressed to the sound discretion of the sentencing court. *State v. Arambula,* 97 Idaho 627, 550 P.2d 130 (1976); *State v. Forde,* 113 Idaho 21, 740 P.2d 63 (Ct.App.1987). We review the question on appeal to determine from the record whether the facts presented in connection with Barney's motion show that the district court abused its discretion in failing to grant the leniency requested. We conclude that the court did not abuse its discretion by refusing to grant all of the relief Barney requested. The court's decision to require Barney to serve at least eighteen months of his four-year DUI sentence was reasonable. The judge's decision not to modify or reduce Barney's sentence for DWP was also reasonable.

Accordingly, we affirm the district court's orders revoking probation, the order modifying the DUI sentence and the order denying relief from the DWP sentence.

WALTERS, C.J., and SILAK, J., concur.