832 P.2d 761

**STATE of Idaho, Plaintiff–Respondent,**

v.

**Phillip LINDQUIST, Defendant–
Appellant.**

No. 19507.

Court of Appeals of Idaho.

May 27, 1992.

Gregory A. Jones, Kootenai County Public Defender, Joel K. Ryan, Deputy Public Defender, Coeur d'Alene, for defendant-appellant.

Larry J. EchoHawk, Atty. Gen., Lynn E. Thomas, Deputy Atty. Gen., Boise, for plaintiff-respondent.

SILAK, Judge.

This is an appeal from the district court's denial of an I.C.R. 35 motion. The defendant filed a Rule 35 motion more than eight years after his sentence was imposed. He contends that a new sentence was imposed when the district court issued an order clarifying the original sentence. He contends that, because he filed the Rule 35 motion within 120 days of the clarification order, the motion was filed in a timely manner. We disagree. For the reasons stated below, we affirm the order of the district court.

The facts of this case are as follows. Phillip Lindquist was hired by a Spokane businessman to murder the businessman's wife. A jury found Lindquist guilty of first degree murder in January, 1976. The district court sentenced Lindquist to death pursuant to the then-mandatory death penalty statute.[1]

After Lindquist was sentenced, the United States Supreme Court held that a North Carolina statute mandating the death penalty was unconstitutional. *Woodson v. North Carolina*, 428 U.S. 280, 96 S.Ct. 2978, 49 L.Ed.2d 944 (1976). After *Woodson*, Lindquist appealed his sentence. Our Supreme Court held that Lindquist could not be sentenced under an unconstitutional death penalty statute. The Court set aside the sentence and remanded the case to the district court for resentencing "to any punishment permitted for the conviction of the lesser included offense of second degree murder." *State v. Lindquist*, 99 Idaho 766, 771, 589 P.2d 101, 106 (1979).

On remand, the district court imposed a determinate sentence of thirty years under the provisions of former I.C. § 19–2513A.[2] Lindquist appealed from the judgment imposing this sentence. Because this statute had not been enacted at the time Lindquist committed the crime, our Supreme Court set aside the sentence and again remanded the case to the trial court for resentencing "to any punishment permitted for the of-

fense of second degree murder under the provisions of statutes in effect at the time of the commission of the crime in question...." *State v. Lindquist*, 101 Idaho 688, 689, 619 P.2d 1141, 1142 (1980).

On remand, the district court sentenced Lindquist to an indeterminate period of incarceration "of not less than ten years and not more than life." This sentence was imposed on January 21, 1981. Lindquist filed a petition for post-conviction relief on July 11, 1989. In the petition he claimed that he had served the lawful maximum term of his sentence. He argued that the portion of his sentence which provided that he shall be imprisoned for "not less than ten years" should be construed as the lawful maximum term, while the phrase "and not more than life" should be viewed as mere surplusage. The matter was resolved by a stipulation of the parties to an order clarifying the sentence. The order, which was filed on August 14, 1990, clarifies Lindquist's sentence to be an indeterminate thirty-year term.

On December 6, 1990, Lindquist filed a motion under I.C.R. 35. Lindquist did not ask the district court to reduce the length of the clarified sentence; he asked the court to place him on probation. The state responded to Lindquist's motion by arguing that the court did not have jurisdiction to grant leniency because the sentence was imposed in January, 1981, and the Rule 35 motion had been filed more than 120 days later. The district court held a hearing on the motion and denied it on the grounds that it did not have jurisdiction to modify the sentence. Lindquist appeals from this order.

A motion for reconsideration of a sentence is governed by I.C.R. 35. Under this Rule, the motion must be made within 120 days after the sentence is imposed or within 120 days after the court relinquishes jurisdiction. It may also be made upon revocation of probation. An exception ex-

---

**1.** At the time Lindquist was sentenced, I.C. § 18–4004 stated "[e]very person guilty of murder in the first degree shall suffer death...." This statute was amended in 1977 to include the alternative sentence of life imprisonment. *See* S.L.1977, ch. 154, § 3.

**2.** Idaho Code § 19–2513A was repealed by S.L. 1986, ch. 232, § 4.

ists where an illegal sentence has been imposed; an illegal sentence may be corrected at any time. I.C.R. 35. That exception does not apply in this case because Lindquist does not contend that his thirty-year indeterminate sentence is illegal; his motion to reconsider is addressed to the court's leniency.

The question presented on appeal from the denial of a motion under this rule is whether the facts presented in connection with the motion, when viewed in context of the information in the record, show that the district court abused its discretion in failing to grant the leniency requested. *State v. Wright*, 114 Idaho 451, 452, 757 P.2d 714, 715 (Ct.App.1988). We have previously held that a district court abused its discretion when it reduced a defendant's sentence in response to a Rule 35 motion filed after the 120–day time period had elapsed. *State v. Salsgiver*, 112 Idaho 933, 935, 736 P.2d 1387, 1389 (Ct.App.1987). The time limit is a jurisdictional limitation on the power of the sentencing court; unless a Rule 35 motion is filed within the prescribed period, the district court lacks authority to grant relief. *State v. Hocker*, 119 Idaho 105, 106, 803 P.2d 1011, 1012 (Ct.App.1991); *State v. Corder*, 115 Idaho 1137, 1140, 772 P.2d 1231, 1234 (Ct.App. 1989); *State v. Sutton*, 113 Idaho 832, 833, 748 P.2d 416, 417 (Ct.App.1987).

Lindquist contends that the clarification of sentence, to which he and the prosecuting attorney stipulated in the post-conviction relief proceedings, was the equivalent of a new sentence. He argues that this new sentence was imposed when the district court entered the order of clarification on August 14, 1990. If we accepted Lindquist's argument, we would conclude that his Rule 35 motion, which was filed on December 6, 1990, was timely. However, we reject this argument.

This Court has previously held that, under the provisions of Rule 35, a sentence is imposed when it is first pronounced. *Salsgiver*, 112 Idaho at 934, 736 P.2d at 1388. In this case, the sentence was imposed in January 1981 following remand from the Supreme Court. As the district court correctly held when it denied Lindquist's motion, a clarification of a sentence cannot be considered the imposition of a new sentence which, in turn, triggers a new jurisdictional time period for the filing of a motion for reconsideration.

A clarification of a sentence is not an imposition of a new sentence. This is consistent with prior case law in which this Court and our Supreme Court have held that a subsequent action regarding the sentence initially imposed does not constitute a new sentence. *See State v. Ditmars*, 98 Idaho 472, 474, 567 P.2d 17, 19 (1977), *cert. denied*, 434 U.S. 1088, 98 S.Ct. 1284, 55 L.Ed.2d 793 (1978) (act of sentencing occurs at time court pronounces sentence, not when court orders the sentence to be executed; and when court retains jurisdiction, defendant is not entitled to a hearing at the termination of the retained jurisdiction period); *Salsgiver*, 112 Idaho at 934, 736 P.2d at 1388 (sentence is imposed when court pronounces sentence, not when court relinquishes jurisdiction); *State v. Omey*, 112 Idaho 930, 932, 736 P.2d 1384, 1386 (Ct. App.1987) (sentence is imposed upon pronouncement, even if its execution has been postponed).

Lindquist also argues that there are special circumstances which excuse his untimely filing and remove the 120–day jurisdictional bar of Rule 35. We have recognized that a defendant may be excused from timely filing a Rule 35 motion under special circumstances or because of misleading conduct by the state. *Hocker*, 119 Idaho at 107, 803 P.2d at 1013; *State v. Parrish*, 110 Idaho 599, 601, 716 P.2d 1371, 1373 (Ct.App.1986). In the present case, we do not find any special circumstances or misleading conduct which would excuse Lindquist from seeking a reduction of his sentence at the time it was imposed.

We conclude that the motion to reduce the sentence was untimely. Because it was untimely, the district court correctly held that it lacked authority to grant Lindquist's motion. Therefore, we affirm the order of the district court denying relief to Lind-

quist on his motion to reconsider the sentence.

WALTERS, C.J., and SWANSTROM, J., concur.