831 P.2d 956

**STATE of Idaho, Plaintiff–Respondent,**

v.

**Keith HONEYCUTT, Defendant–Appellant.**

**No. 19453.**

Court of Appeals of Idaho.

June 2, 1992.

Van G. Bishop, Nampa, for defendant-appellant.

Larry EchoHawk, Atty. Gen., Jane M. Newby, Sp. Deputy Atty. Gen., for plaintiff-respondent.

SWANSTROM, Judge.

Keith Wesley Honeycutt appeals from the order denying his motion for reduction of the two to five-year sentence he received for theft by receiving stolen property. I.C. § 18–2403(4). Honeycutt's I.C.R. 35 motion was filed on the day the district court orally revoked his probation and ordered into execution the sentence originally imposed. The motion was denied, as was defense counsel's request for a progress report, with the district court noting that it lacked jurisdiction to hear the defendant's Rule 35 motion on the merits. We reverse and remand for consideration of the merits of the Rule 35 motion.

In February, 1988, Honeycutt pled guilty to theft by receiving stolen property and was sentenced to the custody of the Board of Correction. The court retained jurisdiction and recommended that, while at the Cottonwood facility, the defendant obtain his G.E.D., job training and substance and alcohol abuse counseling and treatment. At the expiration of the retained jurisdiction period, the court suspended the sentence and ordered probation for a term of five years.

Two years later, in June, 1991, Honeycutt was before the court for failure to pay the costs and fines imposed as a condition of probation. The probation was continued; however, Honeycutt was ordered to serve one year in the county jail, with workout privileges. Shortly thereafter, Honeycutt was cited with another probation violation when he returned five and

one-half hours late to the detention center, smelling of alcohol. At the June 7, 1991, hearing, the court revoked Honeycutt's probation from the bench and orally ordered that he serve his original sentence; but before a written order was formally entered, Honeycutt filed a Rule 35 motion that same day. The motion, however, was denied on jurisdictional grounds without a hearing.

Honeycutt argues on appeal that the district court abused its discretion by not reducing his sentence. He contends that the court should have ordered him to submit to and complete substance abuse treatment as a condition of probation rather than return him to prison. The state responds to Honeycutt's argument by emphasizing that the Rule 35 motion was denied not on the merits, but on jurisdictional grounds. The state maintains that the district court properly perceived that it had no jurisdiction to rule on Honeycutt's motion because the motion was untimely filed. The state asks this Court to affirm the district court's order.

■ Unless a Rule 35 motion is filed within the limitations set forth in the rule, the district court lacks jurisdiction to grant any relief. *State v. Corder,* 115 Idaho 1137, 772 P.2d 1231 (Ct.App.1989); *State v. Swan,* 113 Idaho 859, 748 P.2d 1389 (Ct. App.1988); *see also State v. Salsgiver,* 112 Idaho 933, 736 P.2d 1387 (Ct.App.1987); *State v. Parrish,* 110 Idaho 599, 716 P.2d 1371 (Ct.App.1986). According to the rule, the court may reduce a sentence "upon revocation of probation as provided by law," and it is the meaning of this language that we now examine. The question is one of law, on which we exercise free review.

■ The state points out that the question of reduction of sentence was not raised by Honeycutt at the probation revocation hearing. This is so according to the minutes of the June 7, 1991, hearing, and no transcript of the entire probation revocation hearing has been provided to us. Furthermore, in this appeal, Honeycutt has not addressed the timeliness of his motion, which was raised by the state, as he chose not to submit a reply brief.

The state correctly points out that the rule does not authorize reduction of a sentence in response to a motion *after* probation has been revoked. *State v. Sutton,* 113 Idaho 832, 748 P.2d 416 (Ct.App.1987). However, in a later case relying on *Sutton,* this Court intimated that a motion seeking a reduction of a sentence may be filed "at the time his probation was revoked—either at the hearing ... when the court orally announced its decision to revoke probation, or before the entry of its written order...." *State v. Hocker,* 119 Idaho 105, 107, 803 P.2d 1011, 1013 (Ct.App.1991).

■ The filing of Honeycutt's motion for reduction of sentence preceded the entry of the district court's written order revoking probation and ordering execution of the previously suspended sentence. Adopting what appeared as dicta in *Hocker,* we hold that a Rule 35 motion filed before the entry of the written revocation order falls within the jurisdictional limitations of the rule. Therefore, Honeycutt is entitled to a ruling on the merits of the Rule 35 motion filed "upon revocation" of his probation. The arguments urged upon us by Honeycutt are premature and are better left to any subsequent review of the district court's order on the merits of the Rule 35 motion.

The order denying the Rule 35 motion on jurisdictional grounds is reversed. We remand the case for a determination on the merits of the motion.

WALTERS, C.J., and SILAK, J., concur.