868 P.2d 534

**STATE of Idaho, Plaintiff–Respondent,**

v.

**Kay E. WILLIAMS, Defendant–Appellant.**

No. 20657.

Court of Appeals of Idaho.

Feb. 11, 1994.

Jeff M. Brudie, Lewiston, for defendant-appellant.

Larry EchoHawk, Atty. Gen., Myrna A.I. Stahman, Deputy Atty. Gen., Boise, for plaintiff-respondent.

PER CURIAM.

This is an appeal from the district court's denial of a motion for reduction of sentence. The appellant, Kay E. Williams, pled guilty to two counts of a four-count complaint alleging she wilfully issued checks with insufficient funds. I.C. § 18–3106(a). On September 8, 1992, the district court imposed a unified sentence of three years with a minimum period of confinement of two years. The court initially granted credit for 31 days of prejudgment incarceration. On November 2, 1992, the district court entered an amended judgment of conviction to grant additional prejudgment incarceration credit. On February 26, 1993, Williams filed a *pro se* motion pursuant to I.C.R. 35 for reduction of the sentence. The district court denied Williams' motion on the grounds that it was both untimely and lacking in merit. Williams appeals this denial of her motion. Because we find that Williams' motion was untimely and that the district court therefore lacked jurisdiction to entertain the motion, we affirm.

■ Rule 35, as in effect in February 1993 when Williams filed her motion, provided in pertinent part:

> The court may reduce a sentence within 120 days after the sentence is imposed. . . . Motions to correct or modify sentences

under this rule must be filed within 120 days of the entry of the judgment imposing sentence....

Under the plain language of this rule, where the trial court has neither retained jurisdiction nor revoked probation, and where the motion does not challenge the legality of a sentence but rather requests a more lenient sentence, the motion must be made within 120 days from entry of the judgment imposing sentence. This limitation creates a jurisdictional restraint upon the power of the trial court and deprives the court of the authority to entertain an untimely motion. *State v. Fox*, 122 Idaho 550, 552, 835 P.2d 1361, 1363 (Ct.App.1992); *State v. Hocker*, 119 Idaho 105, 106, 803 P.2d 1011, 1012 (Ct.App.1991); *State v. Salsgiver*, 112 Idaho 933, 934, 736 P.2d 1387, 1388 (Ct.App.1987); *State v. Parrish*, 110 Idaho 599, 600, 716 P.2d 1371, 1372 (Ct.App.1986).

 The judgment imposing sentence on Williams was entered on September 8, 1992. About two months later the district court entered an amended judgment of conviction increasing the amount of prejudgment incarceration credit, but leaving the length of the sentence unaltered. Williams filed her motion for reduction of the sentence 171 days after entry of the original judgment and 116 days following entry of the amended judgment. Thus, her motion was timely only if entry of the amended judgment caused the 120–day period to begin running anew.

In *State v. Lindquist*, 122 Idaho 190, 192, 832 P.2d 761, 763 (Ct.App.1992), we considered the timeliness of a Rule 35 motion submitted shortly after entry of an order clarifying a sentence but several years after the sentence was rendered. We held that the order of clarification did not initiate a new period for filing a Rule 35 motion. Rather, that period commenced when sentence was imposed. Similarly, in *Salsgiver, supra*, we held that under the language of Rule 35 as then in effect, an order relinquishing jurisdiction and executing the previously imposed sentence did not reinstate the 120–day period for filing a Rule 35 motion.[1]

In light of this precedent and the plain language of I.C.R. 35, we conclude that the amended judgment granting Williams additional credit for time served did not affect the 120–day period. The time within which Williams could file a Rule 35 motion expired 120 days following entry of the original judgment. Therefore, absent a showing by Williams of special circumstances or misleading conduct by the state which explains the failure to seasonably file, the motion was untimely. *See Hocker*, 119 Idaho at 106, 803 P.2d at 1012; *Parrish*, 110 Idaho at 601, 716 P.2d at 1373. Williams has not made such a showing, nor has she addressed at all the district court's conclusion that her motion is time-barred.

Because Williams' motion was untimely, the district court lacked jurisdiction to grant Rule 35 relief. Accordingly, the order of the district court denying the motion is affirmed.

---

1. Prior to the 1987 amendment to I.C.R. 35 there was no provision permitting the filing of a motion after issuance of an order relinquishing jurisdiction.