# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket No. 39332

| | | |
|---|---|---|
| STATE OF IDAHO, | ) | 2012 Unpublished Opinion No. 577 |
| | ) | |
| Plaintiff-Respondent, | ) | Filed: August 6, 2012 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| JEFFREY ALAN TRUMAN, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Defendant-Appellant. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the Third Judicial District, State of Idaho, Canyon County. Hon. Gregory M. Culet, District Judge.

Order denying I.C.R. 35 motion for reduction of sentence, <u>affirmed</u>.

Sara B. Thomas, State Appellate Public Defender; Elizabeth A. Allred, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Lori A. Fleming, Deputy Attorney General, Boise, for respondent.

_____

Before LANSING, Judge; GUTIERREZ, Judge;
and MELANSON, Judge

_____

PER CURIAM

In 2008, Jeffrey Alan Truman was found guilty of lewd conduct with a minor under sixteen years and sexual abuse of a minor. The district court sentenced Truman to a unified term of thirty years, with a minimum period of confinement of twenty years, for lewd conduct with a minor under sixteen years and a concurrent unified term of fifteen years, with a minimum period of confinement of ten years, for sexual abuse of a minor. Truman appealed and, on December 16, 2010, this Court vacated Truman's judgment of conviction for sexual abuse of a minor. On May 18, 2011, the district court entered an amended judgment of conviction removing the conviction for sexual abuse of a minor. On September 13, 2011, Truman filed an I.C.R 35 motion for reduction of his sentence, which the district court denied. Truman appeals.

1

Idaho Criminal Rule 35 vests the district court with jurisdiction to consider a motion to reduce a sentence as long as it is filed within 120 days of the entry of the judgment imposed. The 120-day filing limit is a jurisdictional restraint on the power of the court and deprives the district court of the authority to entertain an untimely motion. *State v. Fox*, 122 Idaho 550, 552, 835 P.2d 1361, 1363 (Ct. App. 1992); *State v. Hocker*, 119 Idaho 105, 106, 803 P. 2d 1011, 1012 (Ct. App. 1991). The filing of an appeal on the original sentence does not toll the time frame for filing a Rule 35 motion for reduction of sentence. *State v. Payan*, 132 Idaho 614, 619, 977 P. 2d 228, 233 (Ct. App. 1998).

Truman acknowledges that his Rule 35 motion was filed outside the time limits of Rule 35. The district court entered an amended judgment of conviction deleting Truman's sexual abuse of a minor language, but did not alter Truman's sentence for lewd conduct with a minor under sixteen. Truman's sentence for lewd conduct with a minor under sixteen did not affect the 120-day jurisdictional period. *See State v. Lindquist*, 122 Idaho 190, 832 P.2d 761 (Ct. App. 1992) (clarification of sentence is not imposition of new sentence which triggers a new jurisdictional time period for filing motion for reconsideration). Therefore, the district court's order denying Truman's Rule 35 motion is affirmed.