**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**
**Docket No. 40227**

| | | |
|---|---|---|
| STATE OF IDAHO, | ) | 2013 Unpublished Opinion No. 413 |
| | ) | |
| Plaintiff-Respondent, | ) | Filed: March 26, 2013 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| TRUMAN E. UHLRY, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Defendant-Appellant. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the Fifth Judicial District, State of Idaho, Twin Falls County. Hon. G. Richard Bevan, District Judge.

Order denying motion to reconsider fines, fees, and costs, <u>affirmed</u>.

Sara B. Thomas, State Appellate Public Defender; Sally J. Cooley, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Lori A. Fleming, Deputy Attorney General, Boise, for respondent.

_____

Before LANSING, Judge; GRATTON, Judge;
and MELANSON, Judge

_____

PER CURIAM

Truman E. Uhlry pled guilty to driving under the influence. Idaho Code §§ 18-8004; 18-8005(7). On July 1, 2008, the district court sentenced Uhlry to a unified term of ten years, with a minimum period of confinement of five years. On July 15, 2008, Uhlry filed an Idaho Criminal Rule 35 motion requesting the district court to reduce his fine or, alternatively, reduce the determinate portion of his sentence. The district court granted the motion and reduced Uhlry's fine. On June 21, 2012, Uhlry filed a motion to reconsider fines, fees, and costs. The district court denied the motion, stating that it no longer had jurisdiction to rule on the motion and believed Uhlry's motion was "an impermissible subsequent I.C.R. 35 motion." Uhlry filed a timely notice of appeal as well as a motion to reconsider the denial of his motion to reconsider,

which the district court denied. Uhlry appeals contending that the district court abused its discretion in denying his motion.

The State argues that Uhlry's claim fails because the district court was without jurisdiction, nearly four years after judgment, to consider Uhlry's untimely and successive Rule 35 motion for sentence reduction. Uhlry, "mindful of the fact, at the time he filed his motion to reconsider fines, fees, and costs, the district court had lost jurisdiction to modify his sentence," nonetheless asserts that the district court abused its discretion.

Idaho Criminal Rule 35 vests the district court with jurisdiction to consider and act upon a motion to reduce a sentence that is "filed within 120 days of the entry of the judgment imposing sentence or order releasing retained jurisdiction." I.C.R. 35. The 120-day filing limit is a jurisdictional restraint on the power of the court which deprives the court of the authority to entertain an untimely motion. *State v. Fox*, 122 Idaho 550, 552, 835 P.2d 1361, 1363 (Ct. App. 1992); *State v. Hocker*, 119 Idaho 105, 106, 803 P.2d 1011, 1012 (Ct. App. 1991); *State v. Parrish*, 110 Idaho 599, 600, 716 P.2d 1371, 1372 (Ct. App. 1986). Rule 35 also provides that "no defendant may file more than one motion seeking a reduction of sentence under this Rule." I.C.R. 35. In *State v. Bottens*, 137 Idaho 730, 52 P.3d 875 (Ct. App. 2002), this Court held that "a motion to reconsider the denial of a Rule 35 motion is an improper successive motion and is prohibited by Rule 35. We hold that the prohibition of successive motions under Rule 35 is a jurisdictional limit."

Therefore, the district court's order denying Uhlry's motion to reconsider fines, fees, and costs is affirmed.