# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket No. 39790

| | |
|---|---|
| STATE OF IDAHO, | ) 2013 Unpublished Opinion No. 569 |
| | ) |
| Plaintiff-Respondent, | ) Filed: July 8, 2013 |
| | ) |
| v. | ) Stephen W. Kenyon, Clerk |
| | ) |
| RONALD K. RICHARDSON, | ) THIS IS AN UNPUBLISHED |
| | ) OPINION AND SHALL NOT |
| Defendant-Appellant. | ) BE CITED AS AUTHORITY |
| | ) |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Thomas F. Neville, District Judge.

Order denying Idaho Criminal Rule 35 motion for reduction of sentence, affirmed.

Ronald K. Richardson, Boise, pro se appellant.

Hon. Lawrence G. Wasden, Attorney General; Lori A. Fleming, Deputy Attorney General, Boise, for respondent.

_____

Before GUTIERREZ, Chief Judge; LANSING, Judge;
and MELANSON, Judge

_____

PER CURIAM

Ronald K. Richardson pled guilty to grand theft, Idaho Code §§ 18-2403(1), 18-2407(1)(b). The district court sentenced Richardson to an indeterminate ten-year term. Several years later, Richardson filed a motion for credit for time served. The district court granted the motion in part and entered an amended judgment of conviction that granted Richardson additional credit for time served. Richardson then filed an Idaho Criminal Rule 35 motion for a reduction of his sentence. The district court denied the motion on the basis that the court did not have authority to grant the motion. Richardson appeals, contending the district court had authority to grant relief.

Where the trial court has neither retained jurisdiction nor revoked probation, and where the Rule 35 motion does not challenge the legality of the sentence but rather requests a more

1

lenient sentence, the motion must be filed within 120 days from entry of the judgment imposing sentence. I.C.R. 35; *State v. Williams*, 125 Idaho 206, 207, 868 P.2d 534, 535 (Ct. App. 1994). This limitation creates a jurisdictional restraint upon the power of the trial court and deprives the court of the authority to entertain an untimely motion. *Williams*, 125 Idaho at 207, 868 P.2d at 535; *State v. Fox*, 122 Idaho 550, 552, 835 P.2d 1361, 1363 (Ct. App. 1992). Here, Richardson's original judgment imposing sentence was entered over five years prior to the filing of his Rule 35 motion. The filing of the amended judgment granting Richardson additional credit for time served did not initiate a new period for filing a Rule 35 motion. *Williams*, 125 Idaho at 207, 868 P.2d at 535; *see also State v. Lindquist*, 122 Idaho 190, 192, 832 P.2d 761, 763 (Ct. App. 1992) ("[A] clarification of a sentence cannot be considered the imposition of a new sentence which, in turn, triggers a new jurisdictional time period for the filing of a motion for reconsideration.") The time within which Richardson could file a Rule 35 motion expired 120 days following entry of the original judgment.

Because Richardson's motion was untimely, the district court lacked jurisdiction to grant Rule 35 relief. Accordingly, the district court's order denying Richardson's Rule 35 motion is affirmed.