**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 45565**

| | |
|---|---|
| STATE OF IDAHO, | ) |
| | ) **Filed: June 27, 2018** |
| Plaintiff-Respondent, | ) |
| | ) **Karel A. Lehrman, Clerk** |
| v. | ) |
| | ) **THIS IS AN UNPUBLISHED** |
| CRAIG BOGAN, | ) **OPINION AND SHALL NOT** |
| | ) **BE CITED AS AUTHORITY** |
| Defendant-Appellant. | ) |
| | ) |

Appeal from the District Court of the Sixth Judicial District, State of Idaho, Bannock County. Hon. Robert C. Naftz, District Judge.

Order denying motion to reconsider order denying Idaho Criminal Rule 35 motion, <u>affirmed</u>.

Eric D. Fredericksen, State Appellate Public Defender; Kimber A. Coster, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for respondent.

_____

Before GRATTON, Chief Judge; GUTIERREZ, Judge;
and HUSKEY, Judge

_____

PER CURIAM

Craig Bogan pleaded guilty to aggravated battery, Idaho Code §§ 18-903, 18-907(1)(a). The district court imposed a unified eight-year sentence, with three years determinate. Bogan appealed contending that his sentence is excessive. This Court affirmed his judgment of conviction and sentence in an unpublished opinion. *State v. Bogan*, Docket No. 44771 (Ct. App. Nov. 30, 2017). Bogan filed an Idaho Criminal Rule 35 motion. Following a hearing, the district court denied the I.C.R. 35 motion. Bogan filed a motion to reconsider the denial of his I.C.R. 35 motion. Following a hearing, the district court denied the motion finding it no longer had jurisdiction once it issued an order on the I.C.R. 35 motion. Further, the district court held that even if it had

1

jurisdiction, the documentation provided did not justify a modification of the previous sentence and the motion would have been denied. Bogan appeals from the denial of his motion to reconsider the denial of his I.C.R. 35 motion.

The Idaho Rules of Criminal Procedure have no rule similar to Idaho Rule of Civil Procedure 11.2(1) motion for reconsideration. *State v. Flores*, 162 Idaho 298, 302 n.1, 396 P.3d 1180, 1184 n.1 (2017). Idaho Criminal Rule 35 vests the district court with jurisdiction to consider and act upon a motion to reduce a sentence that is "[w]ithin 120 days of the entry of the judgment imposing sentence or order releasing retained jurisdiction." The 120-day filing limit is a jurisdictional restraint on the power of the court which deprives the court of the authority to entertain an untimely motion. *State v. Fox*, 122 Idaho 550, 552, 835 P.2d 1361, 1363 (Ct. App. 1992); *State v. Hocker*, 119 Idaho 105, 106, 803 P.2d 1011, 1012 (Ct. App. 1991); *State v. Parrish*, 110 Idaho 599, 600, 716 P.2d 1371, 1372 (Ct. App. 1986). Idaho Criminal Rule 35 also provides that a "defendant may only file one motion seeking a reduction of sentence." In *State v. Bottens*, 137 Idaho 730, 52 P.3d 875 (Ct. App. 2002), this Court held that "a motion to reconsider the denial of a Rule 35 motion is an improper successive motion and is prohibited by Rule 35. We hold that the prohibition of successive motions under Rule 35 is a jurisdictional limit."

Therefore, the district court's order denying Bogan's motion to reconsider the order denying his I.C.R. 35 motion is affirmed.