800 P.2d 116

**STATE of Idaho, Plaintiff–Respondent,**

v.

**Rex JONES, aka Raymond Jones, Defendant–Appellant.**

**No. 18255.**

Court of Appeals of Idaho.

Oct. 9, 1990.

Alan E. Trimming, Ada County Public Defender, Richard D. Toothman, Deputy, Boise, for defendant-appellant.

Jim Jones, Atty. Gen., James E. Leuenberger, Deputy Atty. Gen., Boise, for plaintiff-respondent.

SILAK, Judge.

Rex Jones was found guilty by a jury of the offense of sexual abuse of a child under sixteen years of age. I.C. § 18–1506. He received a unified sentence of twelve years, with a four-year minimum period of confinement. I.C. § 19–2513. On appeal, Jones argues that his sentence is excessive. We affirm.

Jones was convicted of sexually abusing his twelve-year old stepdaughter by touching her breasts. At trial, both the victim and the defendant testified that Jones had offered to buy her drugs, alcohol, and a car when she turned sixteen, in exchange for sexual intercourse. In addition, there was testimony from the stepdaughter and from Jones that after making his offer he had touched her inappropriately on the right breast. Jones' explanation for this conduct at trial was that he hated his stepdaughter and was attempting to frighten her by his inappropriate statements and touching, rather than with the intent to gratify himself sexually. The girl also testified that Jones had, three or four years previously, exposed himself to her.

In accordance with the Unified Sentencing Act, I.C. § 19–2513, the sentencing judge imposed a minimum period of confinement of four years, which we regard as the probable measure of confinement for the purpose of reviewing the sentence. *State v. Sanchez*, 115 Idaho 776, 769 P.2d 1148 (Ct.App.1989). The maximum sentence for the crime of sexual abuse of a child under sixteen years of age is fifteen years. I.C. § 18–1506(1)(c).

This Court has held that a sentence within the statutory limit will not be disturbed on appeal absent a showing that the sentencing court abused its discretion. In deference to the discretionary authority vested in Idaho's trial courts, we will not substitute our view for that of a sentencing judge where reasonable minds might differ. *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct.App.1982). A sentence may represent an abuse of discretion if it is shown to be unreasonable upon the facts of the case. *State v. Nice*, 103 Idaho 89, 645 P.2d 323 (1982).

To ascertain whether the length of confinement is reasonable, we apply the substantive criteria set forth in *State v. Toohill, supra*. A sentence is reasonable if it accomplishes the primary objective of protecting society and meets any or all of the related goals of deterrence, rehabilitation, or retribution. The reasonableness of the sentence must be considered in light of the nature of the offense and the character of the offender. *State v. Reinke*, 103 Idaho 771, 653 P.2d 1183 (Ct.App.1982).

Jones has urged this Court to rule that the sentence imposed upon him is unreasonable under the circumstances of his case and violates the above-stated sentencing criteria. We reject this contention for the reasons which follow.

The transcript of the sentencing hearing demonstrates that the district judge properly took into consideration the nature of the offense and the character of the offender, as well as the four sentencing objectives stated in *State v. Toohill,* supra. The court viewed as a frightening prospect the defendant's assertion that he had touched the girl's breasts because he disliked her. The court also reviewed the defendant's prior criminal record, concluding that Jones did not show much respect for the law. The presentence investigation, according to the district judge, showed that the defendant exhibited the tendency to use "threats, intimidation, fear, terror ... to get [his] way, or to push people around." The defendant's lack of genuine remorse was also noted by the district judge.

The court believed that the defendant represented a threat to the community, thus warranting a substantial term of incarceration. It also considered the deterrence objective of sentencing, expressing the hope of deterrence both to Jones and to others. The court commented, as well, on the doubtful prospect of rehabilitation for Jones through traditional methods, and noted that the punishment should be in accord with the seriousness of the offense.

In summary, the district judge properly considered the goals of sentencing as summarized in *State v. Toohill,* supra. The sentence imposed is not unreasonable under the particular facts presented, and accordingly, we hold that the district judge did not abuse his discretion. The judgment imposing the sentence is affirmed.

WALTERS, C.J., and SWANSTROM, J., concur.