825 P.2d 99

**STATE of Idaho, Plaintiff–Respondent,**

v.

**Miguel JOYNER, Defendant–Appellant.**

**No. 18799.**

Court of Appeals of Idaho.

Jan. 21, 1992.

Whittier, McDougall, Souza, Murray & Clark, Chartered, Pocatello, for appellant. John Souza argued.

Larry J. EchoHawk, Atty. Gen., Myrna A.I. Stahman, Deputy Atty. Gen., Boise, for respondent. Myrna A.I. Stahman argued.

Before SWANSTROM and SILAK, JJ., and HART, J., Pro Tem.

PER CURIAM.

Miguel Joyner pled guilty to a charge of sexual abuse of a minor. He appeals the district court's orders imposing his sentence, revoking his probation and reinstating the sentence, and granting partial relief on his Rule 35 motion. We decline to address five of the six issues he raises on appeal because the appeal was not timely filed as to those issues. However, because Joyner may have been misled by a misstatement of the court regarding the time limit for filing a Rule 35 motion, we conclude that issue has been appealed in a timely fashion, and that the court did not abuse its discretion when it partially granted the motion.

### Facts and Procedural Background

Initially, Miguel Joyner pled not guilty to a charge of lewd conduct with a minor under the age of sixteen. I.C. § 18–1508. The charge arose from a consensual encounter with a twelve-year-old female in which Joyner rubbed her genitals, with his hand, through her clothing. Joyner was twenty-six at the time. Later, the charge was reduced to sexual abuse of a child under the age of sixteen, to which he pled guilty. I.C. § 18–1506. The court withheld judgment and placed Joyner on probation for two years, the first ninety-days to be served in the Bannock County jail. Joyner then moved to withdraw his guilty plea, and the motion was granted. Later, however, Joyner again pled guilty. On December 21, 1989, the court imposed a unified sentence with a three-year determinate period of confinement to be followed by a seven-year indeterminate period. The court suspended the sentence and placed Joyner on probation for five years, the first nine months to be spent in the county jail. Unfortunately, because of several probation violations the court was forced to revoke probation on April 24, 1990. At the end of the revocation hearing, the court ordered the sentence to be executed and told Joyner

> [Y]ou have forty-two days in which to file an appeal from the Court's decision as it would relate to the probation violation. You would also have the right to file a Rule 35 motion. Your time for filing that, I believe, is a hundred and twenty days starting with today's date. But you need to consult with Mr. Souza about that.

Nine days later, on May 3, 1990, Joyner moved under I.C.R. 35 to have his sentence reduced. On June 14, 1990, the court reduced the fixed portion of the sentence from three to two years. Joyner filed a notice of appeal on July 2, 1990. He appeals from the order imposing sentence on December 21, 1989, the order of April 24, 1990, revoking probation and reinstating the sentence, and the order of June 14, 1990, partially granting the Rule 35 motion.

### Assignments of Error and Standard of Review

On appeal, Joyner argues that the district court erred by:

(1) Denying the Motion to Dismiss the Complaint after the preliminary hearing?

(2) Not imposing the original sentence that the court had imposed prior to the withdrawal of the guilty plea?

(3) Finding that there had been a violation of probation.

(4) Ordering execution of the sentence after the probation violation hearings.

(5) Finding a violation of probation after Joyner had already been punished while incarcerated in the Bannock County Jail.

(6) Only partially granting the Rule 35 Motion.

The state asserts, (a) that Joyner did not file a timely notice of appeal as required by I.A.R. 14(a), therefore none of the issues he presents should be considered by this Court; and (b) the court did not have jurisdiction to consider the Rule 35 motion because it too was not timely filed. The issues presented address application of the provisions of I.A.R. 14 and I.C.R. 35 and therefore present questions of law over which we will exercise free review. *See* IDAHO APPELLATE HANDBOOK, Standards of Appellate Review in State and Federal Courts, § 3.2.1 (Idaho Law Foundation, Inc., 1985).

I.

■ Appellate Rule 14(a) provides that an appeal made as a matter of right from the district court must be filed within forty-two days from the date of the filing stamp of the clerk of the court on any judgment, order or decree of the district court appealable as a matter of right. The time for an appeal from a criminal judgment, order, or sentence is terminated by the filing of a motion within fourteen days of the entry of a judgment which, if granted, could affect the judgment, order or sentence in the action. I.A.R. 14(a). The appeal period starts to run anew upon the date of the clerk's filing stamp on the order deciding the motion, in other words, after the court grants or denies the timely post-judgment motion. *Id.; Sinclair Marketing, Inc. v. Seipert,* 107 Idaho 1000, 1006, 695 P.2d 385, 391 (1985); *State v. Knight,* 106 Idaho 496, 499, 681 P.2d 6, 9 (Ct.App.1984). In a

criminal case, the time to file an appeal is enlarged by the length of time the district court retains jurisdiction, however, when the court releases retained jurisdiction or places the defendant on probation, the time for appeal starts to run. Perfecting an appeal within the specified time is jurisdictional requirement and an appeal taken after expiration of the filing period must be dismissed. *State v. Tucker,* 103 Idaho 885, 888, 655 P.2d 92, 95 (Ct.App.1982).

■ Issues (1) and (2) are products of the judgment and sentence and as such were required to be appealed within forty-two days from December 21, 1989. Joyner's notice of appeal was filed over six months later on July 2, 1990. The time for filing was not enlarged by the fact that the sentence was suspended and Joyner was placed on probation. Therefore, his appeal from the order imposing sentence is untimely and will not be considered.

Issues (3), (4), and (5) are products of the order of April 24, 1990, revoking probation and ordering execution of the sentence. Joyner's notice of appeal was not filed until July 2—once again beyond the forty-two day limit imposed by I.A.R. 14(a). Therefore, we are without jurisdiction to entertain these issues on appeal.

II.

■ Our disposition of Issues (3), (4), and (5), however, also depends on the application of I.C.R. 35, presented in Issue (6). The latter asks whether the court properly exercised its discretion when it only partially granted the Rule 35 motion and reduced the fixed portion of Joyner's sentence. The threshold question, however, is whether the Rule 35 motion was timely filed. We conclude that because the court wrongly advised Joyner as to the amount of time he had to file his motion, and he filed within the time stated by the court, the issue was properly preserved for appeal. However, the filing did not act to stop the running of the appeal period applicable to the probation revocation issues.

■ Idaho Criminal Rule 35 allows the court to reduce an otherwise lawful sen-

tence if the motion to reduce the sentence is filed within 120 days after sentence is imposed or the court releases jurisdiction. The court may also reduce a sentence "upon revocation of probation." I.C.R. 35. The 120–day period starts to run at the time the sentence is originally imposed, even though execution of the sentence may be suspended. *State v. Omey,* 112 Idaho 930, 932, 736 P.2d 1384, 1386 (Ct.App.1987). A sentence is considered imposed when it is pronounced. *Id.* As with I.A.R. 14(a), the time limits set out in I.C.R. 35 are a jurisdictional limit on the power of the sentencing court, which lacks authority to consider a Rule 35 motion that has not been timely filed. *Id.; State v. Parrish,* 110 Idaho 599, 716 P.2d 1371 (Ct.App.1986). However, a defendant may be excused from the application of the jurisdictional requirements of Rule 35 because of "misleading conduct by the state." *State v. Hocker,* 119 Idaho 105, 107, 803 P.2d 1011, 1013 (Ct.App.1991); *State v. Corder,* 115 Idaho 1137, 772 P.2d 1231 (Ct.App.1989); *Parrish, supra.* "Where a defendant or his counsel is affirmatively misled by some government authority as to the filing deadline for a Rule 35 motion, a late filing will not deprive the court of jurisdiction." *Corder,* 115 Idaho at 1140, 772 P.2d at 1234.

Here, Joyner may have been misled by the court. The district judge told him he had 120 days to file his motion. To satisfy Rule 35, however, Joyner had to file his motion "upon revocation of probation," or simultaneously with revocation. We point out that the rule sets out no specific form for presenting the motion. It speaks only in terms of when the court may reduce a legal sentence or correct an illegal one. In this case, counsel orally argued for a reconsideration of the sentence at the probation revocation hearing. A motion for reconsideration is governed by I.C.R. 35. *Hocker,* 119 Idaho at 106, 803 P.2d at 1012. Had the court clearly ruled upon the motion at the hearing, the motion would have been completed and Joyner's later written filing would have been inconsequential because I.C.R. 35 states that a defendant may file only one motion to reduce. Unfortunately, the transcript does not clearly indicate whether the court was denying the motion by ordering execution of the sentence or reserving its decision until after a written motion was filed. The latter seems closer to the truth given the court's comment that Joyner could file his motion within 120 days. In any event, counsel later filed a written Rule 35 motion, which the court partially granted without making or receiving comment as to its timeliness. Because of the combination of facts in this case, we deem the motion to be timely filed. *See State v. Poland,* 116 Idaho 34, 773 P.2d 651 (Ct.App.1989) (oral motion for new trial extended time for appeal from judgment). Because Joyner appealed from the order deciding the motion within forty-two days as required by I.A.R. 14(a), his appeal from the order is timely, and properly preserves the Rule 35 issues for consideration by this Court.

■ We note that although Joyner's Rule 35 motion was filed only nine days after the order of revocation, that filing did not render his appeal from the probation revocation timely. Neither party has expressly argued the matter on appeal, but one could assert that filing the motion within the fourteen-day period set out by I.A.R. 14(a) would stop the clock on the forty-two day appeal period applicable to the probation issues. We have previously held that a Rule 35 motion is a motion that could affect a judgment within the meaning of I.A.R. 14. *Knight,* 106 Idaho at 497–99, 681 P.2d at 7–9. By extension, the Rule 35 motion could also affect an order or decree as described by the rule. If so, Joyner's notice of appeal, filed eighteen days after the court's order partially granting the motion, would be timely filed. However, because we deem the motion to be timely only by a combination of extenuating circumstances instead of adherence to I.A.R. 14 and I.C.R. 35, we conclude that filing the motion did not terminate the appeal period and did not render the notice of appeal timely with regard to the order revoking probation.

### III.

■ Having determined that Joyner's Rule 35 motion has been preserved for

appeal, we now turn to the merits of his argument. A Rule 35 motion to reduce a lawful sentence is addressed to the sound discretion of the sentencing court. *State v. Arambula*, 97 Idaho 627, 550 P.2d 130 (1976); *State v. Forde*, 113 Idaho 21, 740 P.2d 63 (Ct.App.1987). Such a motion is essentially a plea for leniency, which may be granted if the sentence imposed was unduly severe. *Id.* On appeal, we must determine whether the facts presented in connection with the motion, when viewed in the context of information in the record, show that the district judge abused his discretion in failing to grant the leniency requested. *State v. Wright*, 114 Idaho 451, 757 P.2d 714 (Ct.App.1988). We review the entire record and the application of the same criteria used to determine the reasonableness of the original sentence, and those criteria focus on the nature of the offense and the character of the offender. *State v. Smith*, 117 Idaho 657, 791 P.2d 38 (Ct.App. 1990).

In his written motion, Joyner's counsel merely asserts that the sentence is unduly harsh and punitive and should be reduced. His oral arguments are more specific, however. At the revocation hearing, counsel argued that the sentence was excessive in that it exceeded the sentence the court imposed before Joyner withdrew his guilty plea, and that the harsher penalty was imposed when no new aggravating evidence had been presented. In other words, the facts of the case did not change, but the sentence did. Counsel asked that the original sentence not be executed, but that Joyner be allowed to serve the remainder of his probation, requesting the court to reduce the fixed portion of the sentence to equal the time Joyner had already served. Counsel argued that Joyner had changed since his arrest and he had admitted his culpability and expressed remorse. Counsel asserted that Joyner's below average I.Q., "explosive personality," and need to be in control presented significant hurdles which were only exacerbated by incarceration. In short, counsel argued that attempting to teach Joyner to play by the rules by incarcerating him was counterproductive because prison was just the sort of environment where Joyner would encounter the most problems.

■ Initially, we note that the maximum sentence for the crime of sexual abuse of a child is fifteen years. I.C. § 18–1506(1)(c); *State v. Jones*, 118 Idaho 720, 800 P.2d 116 (Ct.App.1990). We treat the fixed portion of Joyner's sentence—three years—as his probable term of confinement and note that it is within the statutory range. *State v. Sanchez*, 115 Idaho 776, 769 P.2d 1148 (Ct. App.1989). We are unable to speculate as to a possible longer term of confinement beyond the minimum term because the Commission on Pardons and Parole is vested with the discretion to grant or deny parole at any time after completion of the fixed term until the expiration of the maximum term. I.C. § 19–2513. *See State v. Bartlett*, 118 Idaho 722, 800 P.2d 118 (Ct. App.1990).

■ At sentencing, the court had the benefit of Joyner's pre-sentence investigation report. The report revealed a lengthy juvenile record and a prior adult felony charge of Grand Theft by False Pretenses, for which Joyner served time at the Cottonwood, Idaho, correctional facility. He violated probation on the theft charge four times. However, the judge in that case was lenient and allowed him to continue probation. The report that accompanied that charge and which was relied upon by the investigator in the instant case revealed that Joyner had lied to the investigator on nearly every subject, including his education, career, personal life, criminal history, and propensity toward violence. In this case, despite claims of having changed, Joyner presented a considerable and recurring disciplinary problem while serving probation in the Bannock County jail, apparently attempting to manipulate circumstances and personnel to the disadvantage of others.

The record shows that when considering Joyner's motion, the court considered the offense, the probation violations, and the fact that the jail environment put Joyner "to the test" because it placed him in a position where he had to comply with rules

and regulations. However, the court felt the test was necessary because Joyner had proved to be such a bad probation risk on his previous charge. The court expressed its concern that Joyner felt he should be able to control the jail and others. The judge also expressed concern about the relative weakness of this case, however, and concluded that the facts "essentially compelled me to grant Mr. Joyner the option of probation." Unfortunately, Joyner did not succeed in that option. The court felt that Joyner's conduct in this case suggested "something of a predatory nature." Joyner, a twenty-six-year-old, had arranged to pick up a twelve-year-old female at 1:30 a.m. from outside her home without her parent's knowledge for an apparent romantic encounter, although he had been warned away from the girl before. The court noted Joyner's reluctance to learn "to play by the rules" and concluded that he posed a threat to society. The court found that the most acceptable safeguard was that the Parole Board would not release him until he could conform his behavior to the law. Relying on this contingency, the court reduced the fixed portion of Joyner's sentence by one year.

The record indicates that the court entertained Joyner's motion with open eyes and properly considered his character and the nature of the offense when it partially granted the motion. For these reasons, we find no abuse of discretion in the court's reduction of the sentence.

### Conclusion

Based on the foregoing, we affirm the order granting partial relief on the Rule 35 motion. The other issues are dismissed because the appeal regarding those issues was not timely filed. Therefore, the judgment and sentence are affirmed.